## RENT. ·

WEBBER & CODY *v.* SHEARMAN, 2 Denio, 362.

In S. Ct., 6 Hill, 20.

*Right of Distress after Expiration of six months from the end of the term, where a new lease is given.*

THE Supreme Court held in this case, that if a tenant remain in the occupation of premises for several successive years under distinct demises from year to year, executed by the same landlord, the whole period will be regarded as one term, for the purpose of continuing the right of distress.

Accordingly, where on the expiration of a demise under seal for a year, the landlord executed a new lease to the tenant for another year at a different rent, and on the expiration of the latter, the term was extended by agreement for a third year; Held by the Supreme Court, that the landlord might distrain during the *third* year for rent which fell due at the end of the first.

An avowry in replevin, that the goods were taken by way of distress for rent, need not expressly show that the distress was made by an officer, nor that the proper affidavit was annexed to the warrant.

*Semble ;* per Cowen, J., that the warrant, though regular on its face will not protect the officer who executed it, if the landlord had no right to distrain.

Judgment for defendant, overruling the demurrer to the replications, but gave judgment for the landlord, upon the whole record, and awarded a return of the property replevied to him. The plaintiff below brought error.

The Court of Errors held, that the right to distrain terminated at the expiration of six months from the end of the first term, and is not continued by the execution of a new lease to the same tenant for a further term and a different rent, commencing at the end of the first ; and that the land⸗

lord, in this case, could not distrain for rent in the third year which fell due at the end of the first term.

Judgment reversed ; 20 for reversal, 2 for affir. ¹